IN THE UNITED STATES
DISTRICT COURT FOR THE
RECEIVED MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| ANN J. CARGO 2007 DEC -6 A 8: 40 | ) ) ) | |
| V.           GERALD HACKETT, CLK U.S. DISTRICT COURT MIDDLE DISTRICT ALA | ) ) ) ) ) | CASE NO. 2:07 cv 1065 - CSC |
| THE STATE OF ALABAMA, Board of Pardons and Parole Division | ) ) ) | **DEMAND FOR JURY TRIAL** |

<u>COMPLAINT</u>

**I. Jurisdiction**

1. Jurisdiction of this Honorable Court is invoked as a direct result of a violation of the above stated Plaintiff's civil rights; specifically age discrimination, race discrimination and sexual discrimination as provided for by Title VII of the Civil Rights Act of 1964 and in 28 USC Sec. 1331 as well as 28 USC 1343(4), and 28 U.S.C. Sections 2201, et seq and 2202 et seq.

2. Additionally, jurisdiction of this Court is invoked pursuant to 42 U.S.C. Section 1983 as an action arising under a violation of the Plaintiffs civil rights.

3. The Plaintiff has been issued a Notice of Suit Rights, mailed September 7, 2007, but not received until Monday September 10, 2007 (attached exhibit A).

**II. Venue**

4. This complaint is filed in the United States District Court for the Middle District of Alabama, as the Alabama Board of Pardons and Parole is located in Montgomery County, Alabama which is a county falling within the Middle District of Alabama.

Further, most of the acts and or omissions of which the Plaintiff complains of occurred in Montgomery County, Alabama.

### III. Parties

5.  The Plaintiff, Ann Cargo, (hereinafter referred to as Plaintiff), is a female over nineteen years of age, of sound mind, who resides in Elmore County, Alabama.

6.  The Defendant, the State of Alabama, Board of Pardons and Parole Division, a State governmental entity.

### IV. Factual Allegations

7.  This action arises out of the Plaintiff's employment with the Alabama Board of Pardons and Parole Division; and

8.  That the Plaintiff has been employed for twenty eight (28) years with the State of Alabama; and

9.  That while the Plaintiff was working at a rank of Probation and Parole Officer V, receiving this rank on January 12, 2002, Mr. Eddie Cook was promoted to Probation and Parole Officer III to work in the Pardon Unit; and

10.  That Mr. Cook began an effort to discriminate against the Plaintiff based on her race by treating her differently than African-American workers; and

11.  That on July 24, 2004, Mr. Cook received the rank of Probation and Parole Officer V and continued racial discrimination by allowing African-American workers privileges not offered to Caucasian workers such as coming to work and then leaving to go to breakfast; and

12.  That there was an effort to segregate the work unit by ensuring that African American and Caucasian workers interests conflicted; and

13  That Mr. Cook did discriminate against the Plaintiff because of her gender; and

14.  That Mr. Cook did, on a particular occasion in the Plaintiff's office, state in front of the Plaintiff and a male co-worker that the wife must be kept happy or "she won't give you none" upon which the Plaintiff did file a complaint determined to be meritorious and Mr. Cook then had to make an apology to the Plaintiff for his remarks.

15.  That Mr. Cook did become the Plaintiff's supervisor on August 6, 2005; and

16.  That Mr. Cook did on or around June 2006 seek disciplinary action against the Plaintiff due to the action of a local supervisor in Huntsville, Alabama and the Personnel Manager as well as the Executive Director; and

17.  That the Plaintiff, on or around June, 2006, was charged with four (4) violations, namely:

**CHARGE 1**: Violation of Pardons and Paroles Policy Manual, Department Disciplinary Actions [p.4-40 thru 4-41, (5)], Failure to follow the chain of command,

**CHARGE 2**: Violation of Rules of the State Personnel Board, General Work Rule 670-X-19.01 (2) (b); Pardons and Paroles Policy Manual General Work Rules [8-12 thru 8-14, (B)], Insubordination,

**CHARGE 3**: Violation of Pardons and Paroles Policy Manual, Procedures for Addressing Complaints, 4-32 thru 4-33, Punishment or Retaliation;

**CHARGE 4**: Violation of Rules of the State Personnel Board, General Work Rule 670-X-19.01 (2) (3); Pardons and Paroles Policy Manual, General Work Rules [8-12 thru 8-14, (C)],Abuse of Authority; and

18.   That the Plaintiff did attend an Administrative Hearing regarding the charges which resulted in a recommendation and opinion that the "…30-day suspension, demotion, transfer, or termination" was not justified; and

19.   That following the Administrative Hearing, a Pre-Termination Hearing regarding the charges was held at the central office conference room, 301 South Ripley Street, Montgomery, Alabama, on September 20, 2006, where the Pre-Termination Hearing Officer found the Plaintiff "…not guilty of any of the four charges brought against her"; and

20.   That Mr. Cook's actions, after filing a disciplinary action against the Plaintiff, continue to be harassing and upsetting to the point that the Plaintiff requested a Change in Supervisor from the Acting Executive Director; and

21.   That the Plaintiff was over the age of 40 at the time of the discrimination and avers that her age and proximity to retirement eligibility precipitated, in part, Mr. Cook's actions.

## COUNT I

22.   The Plaintiff seeks to Incorporate Paragraphs 1-21; and

23.   That the State of Alabama, by and through the actions of Mr. Eddie Cook, did discriminate against the Plaintiff based on her race.

**WHEREFORE,** the premises considered, the Plaintiff demands judgment against the Defendant in the amount to be determined by a jury to include money and further damages this situation has caused as well as pay reasonable attorney's fees and costs of this action to the Plaintiff.

## COUNT II

24.  The Plaintiff seeks to Incorporate Paragraphs 1-23; and

25.  That the State of Alabama by and through the actions of Mr. Eddie Cook, did discriminate against the Plaintiff based on her gender.

**WHEREFORE**, the premises considered, the Plaintiff demands judgment against the Defendant in the amount to be determined by a jury to include money and further damages this situation has caused as well as pay reasonable attorney's fees and costs of this action to the Plaintiff.

## COUNT III

26.  The Plaintiff seeks to Incorporate Paragraphs 1-25; and

27.  That the State of Alabama, by and through the actions of Mr. Eddie Cook did discriminate against the Plaintiff based on her age.

**WHEREFORE,** the premises considered, the Plaintiff demands judgment against the Defendant in the amount to be determined by a jury to include money and further damages this situation has caused as well as pay reasonable attorney's fees and costs of this action to the Plaintiff.

ANN J. CARGO

## VERIFICATION

**BEFORE ME**, the undersigned Notary Public, appeared Ann J. Cargo, who is known to me after being duly sworn, did sign her name as attestation that the foregoing allegations contained in this complaint are true and correct to the best of her knowledge, information and belief, on this the 5th day of December, 2007.

**SWORN TO** and subscribed before me on this the 5th day of December, 2007.

_Rebecca H Weston_
**REBECCA H. WESTON**
NOTARY PUBLIC
COMMISSION 951790

EXPIRES:05-17-10

_Roianne Houlton Conner_
**ROIANNE HOULTON CONNER**
**ATTORNEY FOR PLAINTIFF**

ROIANNE HOULTON CONNER
ATTORNEY FOR PLAINTIFF
ASB9677R77R
LAW OFFICES OF ROIANNE HOULTON CONNER
250 WINTON BLOUNT LOOP
P.O. BOX 240458
MONTGOMERY, ALABAMA 36124
334/215-1988
mrsrhconner@yahoo.com

## JURY DEMAND

Plaintiff hereby demands trial by jury of all issues of this cause.

_Roianne Houlton Conner_
Roianne Houlton Conner

## DISMISSAL AND NOTICE OF RIGHTS

**To:** Ann Cargo
C/O Roianne H. Connner,P.C
250 Winston Blount Loop
Montgomery, AL 36117

**From:** Birmingham District Office
Ridge Park Place
1130 22nd Street, South, Suite 2000
Birmingham, AL 35205-1130

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **420 2007 00664** | **ARTHUR SANDERS** | **(205) 212-2058** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Delner Franklin-Thomas, District Director                    7 SEP 2007
(Date Mailed)

Enclosure(s)

cc:    **Mary Goldthwaite, Asst.. Attorney General**
**Alabama State House**
**11 South Union street**
**Montgomery, AL  36130**



PLAINTIFF'S
EXHIBIT
A

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602001416
Cashier ID: cstrecke
Transaction Date: 12/06/2007
Payer Name: ROIANNE HOULTON CONNER PC
------------------------------------
CIVIL FILING FEE
 For: ROIANNE HOULTON CONNER PC
 Case/Party: D-ALM-2-07-CV-001065-001
 Amount:          $350.00
------------------------------------
CHECK
 Remitter: ROIANNE HOULTON CONNER PC
 Check/Money Order Num: 3660
 Amt Tendered: $350.00
------------------------------------
Total Due:          $350.00
Total Tendered: $350.00
Change Amt:        $0.00

DALM207CV001065-CSC

ROIANNE HOULTON CONNER PC

250 WINTON BLOUNT LOOP

MONTGOMERY, AL  36117