UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
THE NORTHERN DIVISION

| | |
|---|---|
| ANN J. CARGO | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| VS. | ) CASE NO.: 2:07-cv-1065-CSC |
| | ) |
| THE STATE OF ALABAMA | ) |
| Board of Pardons and Parole | ) |
| Division | ) |
| | ) |
|     Defendant. | ) |

**ANSWER OF DEFENDANT**

COMES NOW the Defendant, (hereinafter also referred to as Board of Pardons and Paroles) in the above-styled cause and, through undersigned counsel, responds to the respective numbered paragraphs to the Plaintiff's Complaint as follows:

**FIRST DEFENSE**

The paragraphs below correspond to the paragraphs of the Complaint. Unless specifically admitted herein, all allegations set forth by the Plaintiff are denied.

1. Denied as to the assertion that jurisdiction of this Court is invoked as a direct result of a violation of the above stated Plaintiff's civil rights, specifically age discrimination, race discrimination and sexual discrimination, and Defendant demands strict proof thereof; Defendant is without sufficient information to admit or deny any

remaining allegations in paragraph 1 of the Complaint and demands strict proof thereof.

2. Denied as to the allegation that jurisdiction of this Court is invoked pursuant to 42 U.S.C. Section 1983 as an action arising under a violation of the Plaintiff's civil rights and Defendant demands strict proof thereof.

3. Defendant is without sufficient information to admit or deny the allegations asserted in paragraph 3 and demands strict proof thereof.

4. Admitted to the extent that the Plaintiff asserts that this complaint is filed in the United States District Court for the Middle District of Alabama; Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 4 of the Complaint that most of the acts and or omissions of which the Plaintiff complains of occurred in Montgomery County, Alabama and demands strict proof thereof.

5. Admitted to the extent the Plaintiff asserts she is a female over 19 years of age; Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 5 of the Complaint and demands strict proof thereof.

6. Defendant admits on her Complaint the Plaintiff has named as Defendant in this action the State of Alabama, Board of Pardons and Parole Division.

7. Defendant does not have sufficient information to admit or deny the allegations as asserted in paragraph 7 and demands strict proof thereof.

8. Defendant does not have sufficient information to admit or deny the allegations as asserted in paragraph 8 of the Complaint and demands strict proof thereof.

9. Defendant does not have sufficient information to admit or deny Plaintiff's allegations as asserted in paragraph 9 of the Complaint and demands strict proof thereof.

10. Defendant denies the allegations asserted in paragraph 10 of the Complaint and demands strict proof thereof.

11. Admitted that Mr. Cook received the rank of Probation and Parole Officer; Defendant denies each and every remaining allegation in paragraph 11 of the Complaint including the allegations about continued racial discrimination and demands strict proof thereof.

12. Defendant denies the allegations asserted in paragraph 12 of the Complaint and demands strict proof thereof.

13. Defendant denies the allegations in paragraph 13 of the Complaint and demands strict proof thereof.

14. Defendant denies the allegations as asserted in paragraph 14 of the Complaint and demands strict proof thereof.

15. Admitted as to Mr. Cook becoming the Plaintiff's supervisor; Defendant is without sufficient information to admit or deny the allegations as asserted in paragraph 15 and demands strict proof thereof.

16. Admitted but only as to disciplinary action being sought with respect to the Plaintiff; Defendant denies each and every remaining allegation asserted in paragraph 16 and demands strict proof thereof.

17. Defendant admits that Plaintiff was charged with violations that are recited in part at paragraph 17 of the Complaint.

18. Defendant denies the allegations as asserted in paragraph 18 of the Complaint and demands strict proof thereof.

19. Admitted that after witnesses testified before the Hearing Officer under oath and explained some things that "on the surface were suspect" the incomplete quote inserted in paragraph 19 of the Complaint was made; Defendant is without sufficient information to admit or deny the remaining allegations as asserted in paragraph 19 and demands strict proof thereof.

20. Admitted to the extent that the Plaintiff requested a change in supervisor; Defendant is without sufficient information to admit or deny whether said request was made as alleged to the Acting Executive Director; Defendant denies each and every remaining allegation asserted in paragraph 20 and demands strict proof thereof.

4

21. Admitted to the extent Plaintiff is over the age of 40; Defendant denies each and every remaining allegation asserted in paragraph 21 and demands strict proof thereof;

## COUNT I

22. Defendant reasserts and incorporates by reference its responses to paragraphs one through 21 as if more fully set forth herein.

23. Defendant denies all allegations asserted in paragraph 23 of the Complaint, and Defendant specifically denies that Plaintiff is entitled to any of the relief requested in the unnumbered paragraph inserted directly below paragraph 23.

## COUNT II

24. Defendant reasserts and incorporates by reference its responses to paragraphs one through 23 as if more fully set forth herein.

25. Defendant denies all allegations asserted in paragraph 25 of the Complaint, and Defendant specifically denies that Plaintiff is entitled to any of the relief requested in the unnumbered paragraph inserted directly below paragraph 25

## COUNT III

26. Defendant reasserts and incorporates by reference its responses to paragraphs one through 25 as if more fully set forth herein.

27. Defendant denies all allegations asserted in paragraph 27 of the Complaint, and Defendant specifically denies that Plaintiff is entitled

to any of the relief requested in the unnumbered paragraph inserted directly below paragraph 27.

## SECOND DEFENSE

The Complaint and facts alleged therein by the Plaintiff are insufficient to rise to the level of any constitutional violation.

## THIRD DEFENSE

The Plaintiff cannot assert a prima facie claim of discrimination.

## FOURTH DEFENSE

Defendant is entitled to absolute and qualified immunity in regard to the Plaintiff's constitutional claims.

## FIFTH DEFENSE

Defendant is absolutely immune from suit for monetary damages or equitable relief under the Eleventh Amendment to the Constitution.

## SIXTH DEFENSE

Defendant is immune from liability in regard to the Plaintiff's Complaint based on state-agent immunity or discretionary function immunity.

## SEVENTH DEFENSE

Defendant denies that the Plaintiff is entitled to damages or any other relief requested.

## EIGHTH DEFENSE

Defendant is not guilty of the things and matters alleged in the Complaint.

## NINTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## TENTH DEFENSE

Defendant has qualified immunity from the Plaintiff's §1983 claims in this action.

## ELEVENTH DEFENSE

Any employment actions taken by the Defendant with respect to the Plaintiff were based on legitimate, non-discriminatory factors.

## TWELVTH DEFENSE

Even if some impermissible motive was a factor in any employment decisions(s) concerning the Plaintiff, a claim which the Defendant expressly denies, the same decision(s) would have been reached regardless of the alleged impermissible motive.

## THIRTEENTH DEFENSE

Some or all the Plaintiff's claims are barred to the extent that the Plaintiff failed to comply with any administrative prerequisites to filing suit and/or has failed to exhaust any administrative remedies.

## FOURTEENTH DEFENSE

Some or all the Plaintiff's claims are barred to the extent they exceed the scope of her EEOC charge.

### FIFTEENTH DEFENSE

The Plaintiff's claims are barred to the extent they are untimely and/or barred by the statute of limitations.

### SIXTEENTH DEFENSE

The Plaintiff's claims are barred by the applicable statute of limitations and/or laches.

### SEVENTEENTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, judicial estoppel, collateral estoppel, res judicata, and /or ratification.

### EIGHTEENTH DEFENSE

The Plaintiff has failed to mitigate her damages, if any.

### NINETEENTH DEFENSE

Defendant pleads after acquired evidence as a defense to Plaintiff's claims, damages, and relief sought.

### TWENTIETH DEFENSE

Any request by the Plaintiff for equitable relief is barred by her "unclean hands."

### TWENTY-FIRST DEFENSE

Any award of punitive damages in this case against the Defendant would violate its constitutional rights under the United States and Alabama Constitution.

### TWENTY-SECOND DEFENSE

The Plaintiff is not entitled to punitive damages because the Defendant did not commit any discriminatory practices or actions and did not engage in any conduct with malice or reckless indifference to the Plaintiff's federally protected rights.

### TWENTY-THIRD DEFENSE

To the extent that the Plaintiff makes claims for compensatory and punitive damages in this action, any award of such damages is limited by the statutory caps set forth in 42 U.S.C. § 1981a.

### TWENTY-FOURTH DEFENSE

Defendant is not liable for punitive damages because the employee or employees who purportedly committed the allegedly discriminatory acts were not acting in a managerial capacity.

### TWENTY-FIFTH DEFENSE

No constitutional right of the Plaintiff has been violated.

### TWENTY-SIXTH DEFENSE

Defendant asserts the intra-corporate conspiracy doctrine as a complete defense to any allegations of conspiracy, if any.

### TWENTY SEVENTH DEFENSE

Defendant pleads the general issue.

## TWENTY-EIGHTH DEFENSE

The Complaint and facts alleged therein by the Plaintiff are insufficient to rise to the level of any violation under the Age Discrimination in Employment Act or Title VII.

## TWENTY-NINTH DEFENSE

Defendant is entitled to immunity from any potential alleged state law claims for mandamus, injunctive relief or any other relief under the Sovereign Immunity provision of the Alabama Constitution.

## THIRTIETH DEFENSE

No tangible employment action was taken against the Plaintiff.

## THIRTY-FIRST DEFENSE

Defendant has promulgated an anti discrimination policy.

## THIRTY-SECOND DEFENSE

Defendant has procedures for addressing discrimination issues.

## THIRTY-THIRD DEFENSE

Plaintiff failed to properly utilize and /or unreasonably failed to utilize complaint procedures.

## THIRTY-FOURTH DEFENSE

Plaintiff failed to give Defendant notice of alleged discrimination.

## THIRTY-FIFTH DEFENSE

Any employment actions taken by the Defendant with respect to the Plaintiff were based on race neutral reasons.

Defendant reserves the right to amend their Answer.

Respectfully submitted on this 26th day of December, 2007.

/s/ MARY GOLDTHWAITE
Assistant Attorney General
Counsel for the Defendant

OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
11 South Union Street
Montgomery, AL 36130
(334) 353-9189
(334) 242-2433 (fax)

CERTIFICATE OF SERVICE

I hereby certify that I have, this 26th day of December, 2007, served a copy of the Answer on the following counsel, electronically and by placing the same in the United States mail, postage prepaid, and properly addressed as follows:

Roianne Houlton Conner, Esq.
PO Box 240458
Montgomery, AL 36124

/s/ MARY GOLDTHWAITE
OF COUNSEL