IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANN J. CARGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:07cv1065-CSC |
| | ) | |
| THE STATE OF ALABAMA, | ) | |
| | ) | |
| Defendant. | ) | |

**UNIFORM SCHEDULING ORDER**

**Please read this order carefully.  These deadlines and responsibilities may not be changed without leave of the court.  All parties are expected to comply with each and every provision of this order in a timely manner, and extensions will be granted in only extraordinary unforeseeable circumstances.  The parties are also expected to comply with the Middle District's Local Rules and the Middle District's Guidelines to Civil Discovery Practice, both of which can be found at http://www.almd.uscourts.gov/. NOTE THAT SECTION 9 IS NEW.**

Under FED. R. CIV. P. 16, as amended, the Court is required to set a schedule for the discovery and the filing of motions.  Accordingly, it is

ORDERED as follows:

**SECTION 1.**  As provided in FED.R.CIV.P. 16(d), a final pretrial conference in this case is set for **June 2, 2009**, in Montgomery, Alabama, at 9:00 a.m. in Courtroom 4B, United States Courthouse, One Church Street, Montgomery, Alabama.  This conference shall be attended by at least one of the attorneys who will try the case for each of the parties and by any party who is not represented by an attorney.  The court will address the matters provided for in Rule 16(c).  All motions which have not been submitted or ruled on will be heard at this time.  The parties are DIRECTED to jointly prepare a proposed pretrial order consistent with the outline attached to this order.  The plaintiff shall insure that the original of the proposed pretrial order is received by the court NOT LATER THAN FIVE BUSINESS days prior to the pretrial conference by transmitting an electronic copy of the proposed pretrial order to the court as an attachment to an email message sent to propord_coody@almd.uscourts.gov.  For this purpose, the electronic copy should be in WordPerfect or Word format and not in Adobe Acrobat PDF format.

Jury selection is set for **July 13, 2009**, commencing at 10:00 a.m, in Montgomery, Alabama before United States Magistrate Judge Charles S. Coody. The trial of this case is set for July 13, 2009. This initial trial setting is tentative only. At the Pretrial Conference the Court will provide the parties a definite trial date during the term commencing on the date of jury selection. This case will be tried in Montgomery, Alabama.

**SECTION 2.** Any dispositive motions, i.e., motions to dismiss or motions for summary judgment, shall be filed no later than **NINETY (90) DAYS** prior to the pretrial hearing. A brief and all supporting evidence shall be filed with any such motion. In all briefs filed by any party relating to the motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document. Failure to make such specific reference will result in the evidence not being considered by the court.

**SECTION 3.** On or before **TWENTY-ONE (21) DAYS** after the deadline for the filing of dispositive motions, counsel for all parties shall conduct a face-to-face settlement conference at which counsel shall engage in good faith settlement negotiations. If settlement cannot be reached, counsel shall also discuss whether mediation will assist the parties in reaching settlement. Not more than **FIVE (5) DAYS** after this conference, counsel for the plaintiff shall file a pleading titled "Notice Concerning Settlement Conference and Mediation". This pleading shall indicate whether settlement was reached and, if not, whether the parties believe mediation will assist them in resolving this case short of trial. Information about mediation is attached to this order.

**SECTION 4.** The plaintiff shall file any motions to amend the pleadings and to add parties on or before **July 14, 2008.** The defendant shall file any motions to amend the pleadings and to add parties on or before **August 14, 2008**.

**SECTION 5.** Any motion for class certification shall be filed on or before **April 30, 2008**. A brief discussing the factors and requirements enumerated in FED.R.CIV.P. 23(a), (b) and (g) shall be filed with any such motion.

**SECTION 6.** The failure to file a response to any motion -- either dispositive or non-dispositive -- within the time allowed by the court shall indicate that there is no opposition to the motion.

**SECTION 7.** All discovery shall be completed on or before **May 19, 2009**, except that, as to any witnesses whose names are not revealed until the last day allowed under **SECTION 10** or whose names are not revealed with sufficient time for the other parties to take a deposition prior to the pretrial conference, the opposing party shall have the time extended in this paragraph to allow for deposing such witnesses. Discovery shall be

conducted according to the limitations agreed upon by the parties as set forth in the discovery plan filed as part of the parties' planning meeting report.

**SECTION 8.**  The parties shall disclose to each other the identity of ANY person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence, and provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involved giving expert testimony, required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, as follows:

From the plaintiff(s) -- on or before August 18, 2008.

From the defendant(s) -- on or before October 20, 2008.

The parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony.

**SECTION 9.  GENERAL PROVISIONS**:

(A)  All briefs on any matter before the court must be formal in format and filed with the court.  The court does not accept "letter briefs" or "letter reports."

(B)  A request or motion for extension of a deadline in any court order (i) must be in writing; (ii) must indicate that movant has, in a timely manner, previously contacted counsel for all other parties; and (iii), based on that contact, must state whether counsel for all other parties agree to or oppose the extension request or motion.  A request or motion that fails to meet this requirement will be denied outright, unless the movant offers a credible explanation in the request or motion why this requirement has not been met.  Absent stated unforeseen and unavoidable circumstances beyond the control of the movant, oral extension requests and motions are not allowed, and "eleventh hour" extension requests and motions will be denied outright.

(C) Any proposed order that a party desires the court to enter should be submitted to the court in both (a) an Adobe Acrobat PDF format attachment to the motion and (b) by transmitting an electronic copy of the proposed pretrial order to the court as **an attachment to an email message sent to <propord_coody@almd.uscourts.gov>**.  For these purposes, the electronic copy should be in WordPerfect or Word format and not in Adobe Acrobat PDF format.

**SECTION 10.**  On or before **June 12, 2009**, each party shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, exchange the names,

addresses and telephone numbers of all witnesses, separately identifying those whom the party expects to present and those whom the party may call if the need arises.  The witness list should include the names of any witnesses required to be disclosed under Paragraph 8.  Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from calling any witness not so identified.

      **SECTION 11.**  On or before **June 12, 2009**, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, identify any part of a deposition or other document that a party expects to use at trial.  Adverse parties shall within **ONE WEEK THEREAFTER** identify any responsive parts of depositions expected to be used, and a party shall within **THREE DAYS** of the designation of such responsive parts designate any part which is desired as a rebuttal thereto.  Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from using any part of a deposition or other document not so listed, with the exception of parts of depositions or documents to be used solely for the purpose of impeachment.  Except to the extent written notice to the contrary is given prior to the scheduled trial date, each party shall be deemed to have agreed that one of the conditions for admissibility under Rule 32 of the Federal Rules of Civil Procedure is satisfied with respect to any such deposition and that there is no objection to the testimony so designated.

      **SECTION 12.**  On or before **June 12, 2009**, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, furnish opposing counsel for copying and inspection all exhibits or tangible evidence to be used at the trial, and proffering counsel shall have such evidence marked for identification prior to trial.  Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from offering such evidence not so furnished and identified, with the exception of evidence to be used solely for the purpose of impeachment.  <u>Except to the extent written notice to the contrary is given no later than **SEVEN (7) DAYS PRIOR TO THE SCHEDULED TRIAL DATE**, the evidence shall be deemed genuine and admissible in evidence.  The written notice shall set forth the grounds and legal authorities.  All trial exhibits must be premarked prior to trial.</u>

      **SECTION 13.**  Except to the extent of any conflict with the deadlines specified in this order, the Discovery Plan contained in the FED.R.CIV.P. 26(f) Report of Parties' Planning Meeting previously filed with the court is adopted and incorporated herein.

      **SECTION 14.**  *If a jury trial:*  The parties shall file any requested voir dire questions, motions in limine fully briefed, and any proposed jury instructions, together with citations of law thereon, **ON OR BEFORE TWO WEEKS PRIOR TO THE TRIAL**

**DATE UNLESS SAID TIME IS SHORTENED BY THE COURT ON MOTION OF EITHER PARTY.** Trial counsel are **DIRECTED** to review the jury questionnaire used in this court and to avoid any duplication of matters addressed therein in their voir dire questions. The jury questionnaire is available on the court's website at http://www.almd.uscourts.gov/juryinfo.htm.

  **SECTION 15.** In cases involving jury trials, the term **TRIAL DATE** as used in the foregoing deadlines shall mean the date set for jury selection.

  **SECTION 16**. If any party has an objection to these deadlines, the party should inform the Court within **FOURTEEN (14)** days from the date of this Order; otherwise, the Court will assume that the deadlines are agreeable to all parties. Unless this Order be modified by subsequent Order of the Court, the provisions hereinabove set out are binding on the parties.

  Done this 26th day of February, 2008.

           /s/Charles S. Coody
          CHARLES S. COODY
          CHIEF UNITED STATES MAGISTRATE JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
_____ DIVISION

| | |
|---|---|
| _____ )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>_____ )<br>)<br>Defendants. ) | CIVIL ACTION NO. \_\_\_ - \_\_ - \_\_\_ - \_\_ |

**ORDER ON PRETRIAL HEARING**

A pretrial hearing was held in this case on _____, \_\_\_\_\_, during which the following proceedings were held and actions taken:

1. PARTIES AND TRIAL COUNSEL:

PARTIES                                                    TRIAL COUNSEL

Plaintiff(s):

Defendant(s)

COUNSEL APPEARING AT PRETRIAL HEARING:

For Plaintiff(s):

For Defendant(s)

2. JURISDICTION AND VENUE:

3. PLEADINGS.  The following pleadings have been allowed:

4. CLAIMS AND DEFENSES OF THE PARTIES:

(a) Plaintiff(s)' Claims:  **[In this section the plaintiff(s) should (1) state each claim listing the claim separately; (2) state the statutory or other legal basis for the claim (If the claim is based on case law give case citations and state the elements of the claim.); and (3) briefly state the facts supporting each claim.]**

(b) Defendant(s)' Defenses:  **[In this section the defendant(s) should state as to each claim identified by the plaintiff the affirmative or factual defenses to the claim and a brief statement of the facts supporting the defense.]**

5. <u>STIPULATIONS OF FACT BY AND BETWEEN THE PARTIES</u>:

6. This case is set for trial on _____, commencing at _____ in _____, Alabama.

7. The plaintiff(s) shall file a trial brief with the court **on or before** _____. The defendant(s) shall file a trial brief with the court **on or before** _____.

8. **<u>If a jury trial</u>:** The parties are ORDERED to file any requested voir dire questions and any proposed jury instruction, together with citations of law thereon, **ON OR BEFORE TWO WEEKS PRIOR TO THE DATE OF JURY SELECTION UNLESS THE TIME IS SHORTENED BY THE COURT ON MOTION OF EITHER PARTY.**. Trial counsel are DIRECTED to review the jury questionnaire used in this court and to avoid any duplication of matters addressed therein in their voir dire questions.   A copy of the questionnaire may be found on the court's website at http://www.almd.uscourts.gov/juryinfo.htm.

9. Any motions in limine or similar motions must be filed **not later than two weeks** prior to the trial date and must be accompanied by a brief.  Responses to these motions shall be filed **not later than one week** prior to the trial date.

10. All exhibits shall be marked prior to trial with labels which are available from the clerk's office.  In addition to the original exhibits marked for introduction, each party shall have available copies of each photostatically reproducible exhibit as follows: (1) one copy for each opposing party and (2) one copy for the court which shall be contained in a notebook with each exhibit tabbed in the order which counsel expects to introduce the exhibit.  On the first day of trial, counsel shall provide an exhibit list to the court (2 copies) and to each party.  The exhibit list shall conform to the format provided to the parties during the pretrial conference.

11. It is ORDERED that all of the allowances and agreements contained in this order be, and the same are hereby, binding upon all parties in this case unless this order is hereafter modified by the court.

Done this \_\_\_\_ day of _____, \_\_\_\_.

_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES
MIDDLE DISTRICT OF ALABAMA

## PROGRAM OF VOLUNTARY MEDIATION

This court has established a program of voluntary mediation to assist litigants in resolving their disputes prior to trial.  The court stresses that <u>mediation is completely voluntary and confidential</u>.  The court strictly enforces the confidentiality of mediation.

The court encourages litigants to consider the salutary benefits of resolving at an early stage their dispute through voluntary mediation.  Mediation is a process of confidential negotiation through which parties may often achieve results which could not be gained through submission of their case to a jury.  Successful mediation saves the substantial time and expense involved with a trial.  Successful mediation allows parties to alleviate the risk of trial and, at the same time, permits the parties to play an active role in the final decision about their case.  The mediation process generally involves a joint meeting with all parties and counsel to discuss the case and each side's position.  After this meeting the mediator will meet with each side individually for a full discussion of that side's case.  Throughout the process the goal of the mediator is to assist the parties in negotiating a settlement.  Often the mediator will provide to the parties a frank, honest opinion about the strengths and weaknesses of their case.  Often an objective viewpoint assists parties in making good decisions about settlement.

The scheduling order entered in this case requires that not less than 21 days after the date for filing dispositive motions, counsel for the parties shall personally meet and attempt to reach settlement of the case.  If counsel in good faith cannot reach settlement, counsel are also required to consider whether mediation will assist the parties in resolving this case.  Within five days after this conference counsel are to notify the trial judge in writing whether they have settled the case and, if not, whether they believe mediation will assist the parties in resolving the case.  Upon such notification, the trial judge may assign a mediator to schedule a mediation conference.  However, a judge of this court may assign a mediator at any time.

Except in extraordinary circumstances the mediator will be a judicial officer.  Under the existing internal operating understandings of this court, a nonjudicial mediator will not be assigned to a case without the knowledge and concurrence of the parties.

The court also encourages parties to consider settlement negotiations and mediation well before the time when a settlement conference is required.  <u>At any time while a case is pending</u>, the parties may seek assistance in settling their dispute through mediation.